# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV149

| | |
|---|---|
| **BONNIE BLOUNT,** | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |
| | ) |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The United States of America has moved this Court to revoke the Consent Order of Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) and for entry of judgment under sentence four of 42 U.S.C. § 405(g) with reversal and remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand, the ALJ will reconsider the severity of Plaintiff's mental impairment and the results of the consultative psychological examination and then provide a rationale with specific reference to the evidence of record that supports the conclusion reached by the judge. If the ALJ finds that Plaintiff's impairment is severe, the ALJ will include corresponding limitations in the residual functional capacity finding.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this Court hereby **Revokes** the Consent Order of Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g). Furthermore, pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence

four of 42 U.S.C. §405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby **REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

    **IT IS SO ORDERED**.

**Signed: July 27, 2005**

_____
David C. Keesler
United States Magistrate Judge